UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

GEORGE HERNANDEZ,

    Plaintiff,

v.                                                                 Civ. No. 18-516 RB/GJF

ANGIE K. SCHNEIDER, JOHN SUGG, and
MARY SIMMS,

    Defendants.

### ORDER GRANTING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915(b) AND TO MAKE PAYMENTS OR SHOW CAUSE

This matter is before the Court on Plaintiff George Hernandez's Application To Proceed In District Court Without Prepaying Fees or Costs [ECF No. 4] and Prisoner's Motion And Affidavit For Leave To Proceed Pursuant to 28 U.S.C. § 1915 [ECF No. 6] (hereinafter collectively referred to as motions to proceed *in forma pauperis*). Plaintiff is incarcerated, appears pro se, and is seeking permission to proceed *in forma pauperis*. Based on the financial information provided by Plaintiff, the Court finds that Plaintiff is unable to prepay the $350 filing fee[1] in this civil rights action and, therefore, Plaintiff's motions to proceed *in forma pauperis* will be granted.

Because Plaintiff was a prisoner at the time he filed his civil rights complaint, he is "required to pay the full amount of [the] filing fee." § 1915(b)(1). Pursuant to § 1915(b)(1), Plaintiff must make an initial partial payment of "20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ." §

---

[1] *See* 28 U.S.C. § 1914 (a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal, or otherwise, to pay a filing fee of $350 . . . .").

1

1915(b)(1). Plaintiff's inmate trust account statement reflects that the average monthly deposits in his inmate account exceed his average monthly balance. *See* ECF No. 6. The average monthly deposits in Plaintiff's inmate account are $37.85, twenty-percent of which is $7.57. Plaintiff has sufficient funds available to pay an initial partial payment in the amount of $7.57. *See id.* at 6 (reflecting an ending balance of $10.96). Therefore, the Court shall assess an initial partial payment in the amount of $7.57 pursuant to § 1915(b)(1)(A). The initial partial payment must be submitted to the Clerk of Court within thirty (30) days of the date of entry of this order.

The Court will not review the merits of Plaintiff's civil rights complaint unless the initial partial payment is paid or excused. If Plaintiff fails to make a payment by the designated deadline or show cause why such payment should be excused, his civil rights complaint may be dismissed without prejudice without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's motions to proceed *in forma pauperis* [ECF Nos. 4 and 6] are **GRANTED**;

**IT IS FURTHER ORDERED** that, within thirty (30) days from the date of entry of this order, Plaintiff shall send to the Clerk of Court an initial partial payment in the amount of $7.57 or show cause why the payment should be excused;

**IT IS FURTHER ORDERED** that the Clerk is directed to provide Plaintiff with two copies of this order, and that Plaintiff make the necessary arrangements to attach one copy of this order to the check in the amount of the initial partial payment;

**IT IS FINALLY ORDERED** that, after payment of the initial partial fee, Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why the designated payments should be excused.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE