# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

GEORGE HERNANDEZ,

    Plaintiff,

v.                                               Civ. No. 18-516 RB/GJF

ANGIE K. SCHNEIDER, JOHN SUGG, and
MARY SIMMS,

    Defendants.

## ORDER TO SHOW CAUSE

        THIS MATTER is before the Court *sua sponte*. Plaintiff George Hernandez is an incarcerated prisoner. He filed a Civil Rights Complaint on June 1, 2018. ECF No. 1. Following entry of an Order to Cure Deficiency, Hernandez submitted an application to proceed under § 1915 on June 18, 2018. ECF No. 4. The Court granted the application to proceed *in forma pauperis* on July 2, 2018. ECF No. 7. The Court also required Plaintiff Hernandez to make an initial partial payment of $7.57 or show cause why he should not be required to make the payment within 30 days of entry of the Order. *Id*. at 2. More than 30 days has elapsed since entry of the Order and Plaintiff Hernandez has not paid the $7.57 initial partial payment or shown cause why he should be relieved of the obligation to pay.

        When a prisoner is granted leave to proceed *in forma pauperis*, § 1915 provides:

> The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

        28 U.S.C. § 1915(b)(1) (emphasis added). The inmate account statement shows that Hernandez has an account balance sufficient to pay the initial partial payment but spends his

money on commissary purchases. ECF No. 4 at 3-4; *see Shabazz v. Parsons,* 127 F.3d 1246, 1248-49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers,* 9 F. App'x 947. 949 (10th Cir. 2001). Plaintiff Hernandez was ordered to make the required partial payment under § 1915(b)(1) or show cause why the payment should be excused, and he has failed to comply with the Court's Order.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). The Court will require Plaintiff Hernandez to show cause, within 30 days of entry of this Order, why this action should not be dismissed for non-compliance with the Court's July 2, 2018 Order. Failure to show cause or otherwise respond to this Order may result in dismissal of this case without further notice.

**IT IS ORDERED** that Plaintiff George Hernandez show cause, within 30 days of entry of this Order, why this case should not be dismissed for failure to comply with the Court's July 2, 2018 Order.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE