# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GEORGE HERNANDEZ,

    Plaintiff,

v.                                                             Case No. 18-cv-516 RB-GJF

HON. ANGIE K. SCHNEIDER, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff George Hernandez's Amended Civil Rights Complaint. (Doc. 5.) Mr. Hernandez is incarcerated and appears *pro se*. He seeks damages under 42 U.S.C. § 1983 on the ground that his state criminal sentence is illegal. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court concludes Mr. Hernandez's claims fail as a matter of law. The Court will therefore dismiss the Complaint with prejudice.

**I.**     **Background**[1]

Mr. Hernandez was convicted of some unspecified crime in New Mexico's Twelfth Judicial District Court. (Doc. 1 at 1.) He contends he was "sentenced to (18) months' imprisonment followed by (1) year [of] parole; followed by 364 days for a misdemeanor." (*Id.* at 2.) Specifically, the Complaint explains:

> [Mr. Hernandez's] probation was revoked, and his 364 days sentence was done first as this was illegal; 365 days or less county jail; 365 days or more New Mexico Department of Corrections. . . . The sentencing judge and the prosecutor should have 'known' that by sentencing [him] to (2) different sentences: felony; misdemeanor was for (2) different types of confinement (county jail misdemeanor; Department of Corrections Felony), [such sentence violated the] federal due process clause.

---

[1] For the purpose of this ruling, the Court assumes the facts in the Amended Complaint (Doc. 5) are true.

(*Id.* at 2–3.)

Mr. Hernandez appears to believe his sentence was illegal because it was "suppose[d] to have been concurrent," and that by serving additional time following a revocation and/or time in two different facilities, his total term of incarceration became "unduly harsh and excessive." (Doc. 5 at 1, 2.) The Complaint raises claims under 42 U.S.C. § 1983 and the Due Process Clause and names five Defendants: (1) Hon. Angie Schneider, who sentenced him; (2) Assistant District Attorney John Suggs; (3) the State of New Mexico; (4) Otero County; and (5) New Mexico's Twelfth Judicial District Court. (*Id.* at 1–2.) Mr. Hernandez seeks damages equal to $1,800 for each day of incarceration. (*Id.* at 5.) He also asks the Court to vacate his sentence "under Rule 35" and transport him to Alamogordo. (*Id.*) The latter request is moot, since he was released from custody and is living in Alamogordo. (Doc. 8 at 1.) Mr. Hernandez obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

## II.   Standards Governing Initial Review

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation marks and citation omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has

2

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Mr. Hernandez is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." *Id.* However, it is not the "proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

## III. Analysis

The Complaint raises claims under 42 U.S.C. § 1983, which "requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046.

The Complaint here only alleges personal involvement by two Defendants: Judge Schneider and Prosecutor Sugg. Judge Schneider is absolutely immune from a civil rights suit based on actions taken in her judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[I]mmunity applies even when the judge is accused of acting maliciously and corruptly." *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). The only exception is when a judge "acts clearly without any colorable

claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). As a State District Judge, Schneider clearly had jurisdiction over the criminal proceeding, notwithstanding any allegations of wrongdoing. Mr. Hernandez therefore cannot sue Judge Schneider under § 1983, even if she imposed an excessive sentence. Similarly, Prosecutor Suggs is absolutely immune from suit for actions "taken in connection with the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This includes initiating a prosecution, presenting evidence, and participating in a revocation proceeding. *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991); *Nielander v. Bd. of Cty. Comm'rs,* 582 F.3d 1155, 1164 (10th Cir. 2009); *Carey v. Okubo*, 158 F. App'x 962, 967 (10th Cir. 2005). The claims against Sugg therefore fail.

Even if the Court considered claims against the remaining Defendants, who had no personal involvement in the sentence, the requested relief is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* held that the federal court must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of an existing conviction or sentence. *Id.* at 487. The state criminal docket, which is subject to judicial notice, reflects that Mr. Hernandez's criminal judgment has not been vacated and remains intact. *See* Case No. D-1215-CR-2015-00513 (dismissing state habeas petition in 2019); *see also United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court). Compensating Mr. Hernandez for any illegal sentence would clearly imply that the state criminal judgment is invalid. *See Denney v. Werholtz*, 348 F. App'x 348, 351 (10th Cir. 2009) (affirming district court's application of *Heck* to plaintiff's § 1983 claim challenging an "indeterminate [state] sentence").

For these reasons, the Complaint fails to state a claim upon which relief can be granted. The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e).

## IV. The Court Declines to *Sua Sponte* Invite an Amendment

Having determined the complaint must be dismissed, the Court will *sua sponte* consider whether to allow Mr. Hernandez to amend the pleading. *See Hall*, 935 F.2d at 1110. *Pro se* prisoners should normally be given an opportunity to remedy defects in their pleadings. *Id.* However, courts need not order an amendment when any amended claims would also be subject to immediate dismissal under Federal Rule of Civil Procedure 12(b)(6) or 28 U.S.C. § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). As a matter of law, Mr. Hernandez cannot recover money damages from the parties responsible for his state prosecution or sentence. Challenges to a state sentence must be brought through a 28 U.S.C. § 2254 habeas corpus proceeding. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The Court therefore declines to *sua sponte* order an amendment and will dismiss the Complaint with prejudice.

**IT IS ORDERED** that Mr. Hernandez's Amended Civil Rights Complaint (Doc. 5) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e); and the Court will enter a separate judgment consistent closing the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE